## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABEL HELB, | : | Civil No. 3:20-CV-1008 |
| Plaintiff, | : | |
| v. | : | (Judge Mariani) |
| ANGELA HOOVER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This is one of a number of cases filed by immigration detainees challenging the conditions of their confinement which have been referred to the undersigned for case management. We entered a case management order directing the plaintiff to take a series of actions by July 24, 2020.

The plaintiff has now filed a request to consolidate (Doc. 6), which indicates that the plaintiff regards his case as part of a larger class action being brought by another *pro se* detainee-plaintiff, Daniel Brown. <u>Brown v. Hoover et al</u>., Civil No. 3:20-CV-998. Therefore, the plaintiff asks that his case be consolidated with Brown's putative class action, and that he not be required to pay an individual filing fee to pursue his own lawsuit.

For the reasons set forth below, this request is DENIED.

1

The plaintiff's request to consolidate his case with a putative class action brought by another *pro se* detainee, Daniel Brown, fails because it runs afoul of the rules governing class action certification. Pursuant to Rule 23 of the Federal Rules of Civil Procedure there are four prerequisites which must be met before a proposed class action may be certified. To obtain class certification a party must show that:

> 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

See Fed.R.Civ.P. 23(a). These requirements are set forth in Rule 23 in the conjunctive. Therefore, a district court can only certify a class if all four requirements of Rule 23(a) are met. See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to a *pro se* detainee's motion for class certification.

In this case, turning first to Rule 23's requirement that "the representative parties will fairly and adequately protect the interests of the class," we find that the plaintiff's fellow detainee, Daniel Brown, cannot serve as a fair and adequate class representative at this time. The plaintiff's expressed desire to have another detainee serve as the personal architect of this proposed class action runs afoul of a settled tenet of case law

2

in this field. It is well-settled that: "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ('[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.'); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir.2005)." Alexander v. New Jersey State Parole Bd,. 160 F.App'x 249, 250 (3d Cir. 2005). Thus, "*pro se* litigants are generally not appropriate as class representatives. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009). In this case the plaintiff plainly intends to have Brown, a *pro se* detainee litigant, serve as this class representative. This request for class certification does not meet this threshold consideration that the representative party will fairly and adequately protect the interests of the class. Therefore this *pro se* request to consolidate the plaintiff's case as a class action with the case of Daniel Brown must be denied.

Accordingly, the plaintiff's request to consolidate (Doc. 6), is DENIED and the plaintiff is ORDERED to comply with the scheduling orders previously entered by this court.

So ordered this 7th day of July, 2020.

                                          *S/Martin C. Carlson*
                                          Martin C. Carlson
                                          United States Magistrate Judge